LUBIN & ENOCH, P.C.
Nicholas J. Enoch, State Bar No. 016473
Clara S. Bustamante, State Bar No.
Margot Veranes, State Bar No. 037194
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com
         clara@lubinandenoch.com
         margot@lubinandenoch.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| David Melin, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COLLECTIVE ACTION** |
| | ) **COMPLAINT** |
| GlobalTranz Enterprises LLC, and WWEX Franchise Holdings, LLC, | ) |
| | ) |
| Defendants. | ) |

Plaintiff David Melin ("Plaintiff" or "Mr. Melin"), by and through undersigned counsel, brings this action individually and on behalf of all other current and former salaried carrier sales representative and logistics representative employees (the "Collective Members") who worked for Defendants GlobalTranz Enterprises, LLC ("GTZ") and WWEX Franchise Holdings, LLC ("WWEX Franchise") (collectively, "Defendants"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees pursuant to the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

1

**INTRODUCTION**

1. This is a collective action to recover overtime wages pursuant to the FLSA.

2. Plaintiff and the Collective Members are similarly situated persons who worked for Defendants as logistic representatives and carrier sales representatives since July 8, 2022.

3. Plaintiff and the Collective Members allege that Defendants have willfully contravened their right to overtime compensation due to them and to others similarly situated in accordance with the FLSA, 29 U.S.C. § 207.

**PARTIES**

4. During all relevant time periods, Plaintiff resided in Maricopa County, Arizona.

5. At all relevant times, Plaintiff and Collective Members were "employees" of Defendants as the term is defined by 29 U.S.C. § 203(e)(1).

6. Mr. Melin worked as a carrier sales representative and performed all duties in Maricopa County.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to represent all other similarly situated employees who work, or have worked, for Defendants as logistic representatives and carrier sales representatives, since July 8, 2022, and who have not been paid the requisite overtime compensation.

8. Plaintiff requests that he be permitted to serve as representative of those who will later consent to participation in this action, and that this action be granted collective

1  action status pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as
2  **Exhibit A**.

3      9.    Upon information and belief, Plaintiff alleges that the class includes
4  approximately several hundred separate individuals who have worked for Defendants.
5  Accordingly, the joinder of all class members would be impracticable.

6      10.    The claims asserted herein on behalf of Plaintiff and the Collective Members
7  present questions of law and fact common to the class, in particular, whether Defendants
8  have failed to pay the requisite overtime compensation to their employees.

9      11.    Plaintiff's overtime claim is typical of the claims of the class.

10      12.    Plaintiff, as a representative party, will fairly and adequately protect the
11  interests of the class.

12      13.    The prosecution of separate lawsuits by individual members of the class
13  would not only be judicially inefficient, but it would also create a risk of inconsistent or
14  varying adjudication with respect to individual members of the class, which would
15  establish incompatible standards of conduct for Defendants.

16      14.    GTZ is a domestic for-profit corporation, licensed to and doing business in
17  Arizona, Delaware, and Texas; and can be served with process through its registered agent
18  or its principal place of business (respectively): 3260 N. Hayden Rd., #210, Scottsdale,
19  Arizona, 85251, USA, and 2700 Commerce Street, Dallas, Texas 75226.

20      15.    GTZ is the entity responsible for hiring and firing, supervising, and
21  controlling Plaintiff's work schedules and conditions of employment, determining the rate
22  and method of payment, and maintaining any employment records that exist.

16. WWEX Franchise is a domestic for-profit corporation, licensed to and doing business Arizona, Delaware, and Texas; and can be served with process through its registered agent or its principal place of business (respectively): 3260 N. Hayden Rd., #210, Scottsdale, Arizona, 85251, USA, and 2828 Routh Street, Suite 400, Dallas Texas 75201.

17. WWEX Franchise is the entity responsible for hiring and firing Plaintiff, supervising and controlling Plaintiff's work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that exist.

18. Defendants are not exempt from compliance with the FLSA.

19. Defendants are an "employer" as that term is defined in 29 U.S.C. § 203(d).

20. At all relevant times, Defendants have been an employer subject to the FLSA because they each have at least two employees and, based on information and belief, they each have a gross annual volume of sales or business of not less than $500,000.

21. While employed by Defendants, Plaintiff and the Collective Members were "engaged in commerce" as defined in the FLSA and corresponding regulations. 29 U.S.C. § 203(b).

**JURISDICTION AND VENUE**

22. This Court has original subject-matter jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

23. Venue is proper in this Court as a substantial part of the events and actions which Plaintiff complains occurred in Maricopa County, Arizona.

///

**GENERAL ALLEGATIONS**

24. As relevant here, Mr. Melin served as a carrier sales representative for Defendants from July 8, 2022, to June 28, 2023.

25. Mr. Melin was classified as a salaried employee, receiving $65,000 a year.

26. As a carrier sales representative, Mr. Melin brokered freight from carriers and facilitated the movement of goods. He regularly collaborated with customers, shippers, and receivers across multiple states to arrange these shipments. It was his responsibility to find vans and flatbeds to deliver the product.

27. Logistic representatives performed duties and worked hours similar to those of carrier sales representatives. Specifically, logistic representatives received phone calls from shippers and customers who needed products moved. They would then input the information into the system of Defendants so that carrier sales representatives could broker the movement of the products.

28. Logistic representatives are also compensated as "salaried" employees.

29. Since March 2020, Mr. Melin conducted his job responsibilities from his home in Maricopa County.

30. When securing a vehicle to deliver products, Mr. Melin would negotiate down to the lowest price possible.

31. Following Defendants' instructions, he diligently logged his daily work hours in their timekeeping system.

32. Despite consistently working an average of forty-five to forty-seven hours per week, Mr. Melin was never compensated at an overtime rate for hours worked beyond forty in a week.

33. On June 28, 2023, Mr. Melin was terminated from his employment.

34. The Collective Members are the current and former employees of Defendants who were employed from July 8, 2022, through the final disposition of this matter, and who have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

## CLAIM FOR RELIEF

### Collective Action Alleging FLSA Violations

35. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. The FLSA Collective is defined as:

**ALL SALARIED CARRIER SALES REPRESENTATIVE AND LOGISTICS REPRESENTATIVE EMPLOYEES WHO WERE EMPLOYED BY GLOBALTRANZ ENTERPRISES LLC, AND WWEX FRANCHISE HOLDINGS, LLC FROM JULY 8, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

37. The FLSA prohibits employers from employing their employees for a workweek longer than forty (40) hours unless the employee receives compensation at not less than one and one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a).

38. During the respective periods of Plaintiff's and the FLSA Collective Members' employment with Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA, U.S.C. § 207.

39. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), & 207(a).

40. At all relevant times, Defendants were Plaintiff's joint employers within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 215(a)(3).

41. Defendants have violated 29 U.S.C. §§ 207 and 215(a)(2) by employing Plaintiff, and others similarly situated, in an enterprise engaged in commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

42. Defendants are a sophisticated party and employer, and therefore knew—or should have known—that their pay policies violated the FLSA.

43. Defendant GTZ has been previously sued for the same violations under the FLSA.

44. The decisions and practices by Defendants to not pay the proper amount of overtime for all hours worked were neither reasonable nor in good faith.

45. Accordingly, Plaintiff and others similarly situated are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant

to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

46. Because Defendants' violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

48. These similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

49. The FLSA Collective Members are defined in Paragraph 36.

50. Defendants' failure to pay Plaintiff and the FLSA Collective Members for overtime hours at the rates required by the FLSA results from generally applicable policies and practices of the Defendants and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

51. Thus, Plaintiff's experience is typical of the experiences of the FLSA Collective Members.

52. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, or rates of pay—are entitled to be paid at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

53. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of facts that would otherwise render Plaintiff and the FLSA Collective Members not similarly situated.

54. Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations while enjoying a competitive edge against other employers who pay their employees according to the law.

55. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide judicial consistency.

56. Accordingly, the FLSA collective of similarly situated persons should be certified as defined in Paragraph 36 and notice should be promptly sent.

## PRAYER FOR RELIEF

Plaintiff prays that he recovers from Defendants the following:

A. For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative FLSA Collective Members;

B. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

C. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to

the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      D.     An additional incentive award to Plaintiff in the amount of five-thousand dollars ($5,000) for the work associated with being the named Plaintiff;

      E.     Attorneys' fees pursuant to 29 U.S.C. § 216(b);

      F.     Litigation costs pursuant to 28 U.S.C. § 1923 and 29 U.S.C. § 216(b);

      G.     Such other legal and equitable relief, including punitive damages, as this Court deems just.

RESPECTFULLY SUBMITTED this 20th day of March 2024.

LUBIN & ENOCH, P.C.

/s/ *Clara S. Bustamante*
Clara S. Bustamante, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, I electronically transmitted the attached COLLECTIVE ACTION COMPLAINT to the Clerk's Office using the ECF System for filing.

/s/ Sheri L. Estrada

10